C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

ASIRUS MA'AT EL,

                    Plaintiff,

-against-

VESID ORGANIZATION and AFFILIATES;

                    Defendants.

-----------------------------------------------------------x

**MEMORANDUM
DECISION AND ORDER**

10-CV-5781 (BMC)

**COGAN**, District Judge.

Plaintiff filed this *pro se* action on December 8, 2010, alleging that the defendants mistreated him and wrongly excluded him from the New York State Education Department, Office of Vocational and Educational Services for Individuals with Disabilities ("VESID") program. A private right of action in federal court against VESID, a New York state program of vocational rehabilitation funded by federal grant issued pursuant to Title I on the Rehabilitation Act, 29 U.S.C. 720(a)(2)(B), requires exhaustion of the administrative remedies prescribed by the Rehabilitation Act and administered by the state. By Order dated December 20, 2010, plaintiff was granted thirty days leave to file an amended complaint alleging whether he received an impartial due process hearing by VESID and whether a hearing officer issued a final decision. On January 20, 2011, plaintiff submitted an amended complaint. Since the amended complaint does not provide information to allow the Court to conclude that plaintiff has exhausted his administrative remedies, the action is dismissed without prejudice.

## BACKGROUND

Plaintiff's amended complaint repeats the allegations against VESID contained in his complaint: he is being denied access to their programs, his telephone calls are not being returned, and he is being asked "creepy inquiries about [his] family." He adds similar allegations against "CID" which he does not identify, but which the Court presumes is the Center for Independence of the Disabled, an organization dedicated to helping "all people with disabilities by removing barriers to the social, economic, cultural and civic life of the community." See http://www.cidny.org/cidnyweb/index.jsp (last visited January 25, 2011). I believe CID is a VESID contractor that provides job training or placement services to the disabled based on a VESID referral.

Plaintiff's only mention of exhaustion of the prescribed administrative remedies in his amended complaint is the following:

> That we have attempted to resolve our issues with **Vesid**: in cooperation with an organization referred by Vesid: called **CID**: We have expressed to this organization that we would like to resolve our issues with VESID: by means of an **impartial hearing**.
>
> I have been given the choice of an impartial hearing. However, I have not received any correspondence, **my phone calls are not being returned.**

The balance of the amended complaint addresses his treatment by VESID and CID, i.e., his allegations against them, not his efforts at exhaustion of his remedies.

## DISCUSSION

Title I of the Rehabilitation Act furnishes federal grants to "assist States in operating statewide . . . programs of vocational rehabilitation . . . designed to assess, plan, develop, and provide vocational rehabilitation services for individuals with disabilities, consistent with their strengths, resources, priorities, concerns, abilities, capabilities, interests, and informed choice, so

that such individuals may prepare for and engage in gainful employment." 29 U.S.C. § 720(a)(2)(B). "The State of New York has opted to receive federal grants under Title I, and pursuant to the state's Vocational Rehabilitation Law, VESID administers Federally funded vocational rehabilitation programs and promulgates rules and regulations necessary to implement the State law." Wasser v. N.Y. State Office of Vocational and Educ. Servs. for Individuals with Disabilities, 602 F.3d 476, 478 (2d Cir. 2010) (internal quotations and citations omitted).

While a citizen is entitled to bring a claim in federal court against VESID, "[t]he private right of action under § 722 of the Rehabilitation Act is available only to a party aggrieved by a 'final' decision in administrative proceedings concerning 'determinations made by' VESID." Wasser v. N.Y. State Office of Vocational and Educ. Servs. for Individuals with Disabilities, No. 01-CV-6788, 2003 WL 22284576, at *12 (E.D.N.Y. Sept. 30, 2003) (citing 29 U.S.C. § 722(c)(1)). A due process hearing "must be conducted by an impartial hearing officer, who is selected on a random basis or by agreement of the parties." Wasser, 602 F.3d at 478 (citing 29 U.S.C. § 722(c)(5)(A)(c)). After a final decision is made by the hearing officer, a person "may bring a civil action for review of such decision in a district court of the United States of competent jurisdiction." 29 U.S.C. § 722(c)(5)(J)(i).

It is clear that plaintiff has not followed the procedures required to obtain an impartial hearing. Reading his amended complaint most liberally, he alleges that he telephoned CID and told it that he wanted an impartial hearing against VESID. But CID has nothing to do with this, and plaintiff's telephone calls to it, even if he had called VESID, are not the proper means to obtain an impartial hearing. The procedure is clearly set forth on VESID's website, http://www.acces.nysed.gov/vr/do/expectations.htm#how_to_ask (last visited January 27, 2011). It is set forth below for plaintiff's convenience:

3

## If you ask for an Impartial Hearing

- Send VESID your written request for an impartial hearing. You may do this without first having an administrative review or mediation.
- VESID will appoint a hearing officer after receiving your request.
- The hearing officer is someone who knows vocational rehabilitation laws, policies, and the vocational rehabilitation service system. The hearing officer does not work for VESID or an agency that is involved with your case.
- The hearing officer will choose a convenient date, time and place for the hearing within 60 days from the time VESID receives your request for a hearing in writing.
- You will be told in writing of the hearing at least 14 days before the hearing.
- A hearing can only be postponed by the Hearing Officer if everyone agrees or if the hearing officer decides that either party has a good reason.
- You and your representative will be able to give your points of view and any evidence about the disagreement to the hearing officer.
- After the impartial hearing is over, the hearing officer will send a written decision to you, your representative, and to VESID no later than 21 days after he or she receives the transcript of the hearing.
- The hearing officer's decision is final and your VESID counselor will begin to do what the hearing officer decides within 20 days of getting the decision.

The website also provides a form by which plaintiff make his written request for an impartial hearing.

At this stage, plaintiff has not participated in an impartial due process hearing or received a final administrative decision by a hearing officer, both of which are necessary to trigger federal district court review under the Rehabilitation Act. Therefore, the Court cannot entertain this action.

## CONCLUSION

Accordingly, the action is dismissed without prejudice. Should plaintiff exhaust his state review and obtain a final decision by the VESID due process hearing officer, he may bring a new action in this Court or in state court for review of the final decision.[1] See 29 U.S.C. §

---

[1] The Court notes that plaintiff has a history of filing numerous law suits against Government agencies. See, e.g. Ma'at et al v. City of New York Department of Education, No. 10-cv-04579-JBW-CLP; Ma'at El et al v. Merrill et

4

722(c)(5)(J)(i). The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/Signed by Judge Brian M. Cogan/

U.S.D.J.

Dated: Brooklyn, New York
January 27, 2011

---

al, No. 06-cv-06058-BMC-LB; Ma'at El v. Board Of Education et al, No. 08-cv-00795-ENV-LB; Ma'at El v. The Department of Motor Vehicles, No. 08-cv-00822-BMC; Asirus Ma'at El/Center for Constitutional Rights v. N.Y.C. Dept. of Finance/Adjudication, No. 08-cv-00823-BMC. Although this action is dismissed for failure to exhaust administrative remedies, plaintiff is warned that the Complaint otherwise appears to be frivolous and fail to state a claim upon which relief may be granted; refiling would likely result in this plaintiff's second "strike" under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).